IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

FARRIS PALMORE                    *

    Plaintiff,                    *

        v.                        *        1:06-CV-68-MEF
                                  (WO)

MARTIN ADAMS, *et al.*,            *

    Defendants.                   *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Farris Palmore, an inmate incarcerated in the Houston

County Jail, complains that he is being held past his release date.  He asserts that he entered

a guilty plea to Possession of Marijuana II and  was sentenced to nine months time served.

At the time he prepared his complaint on January 23, 2006, Plaintiff contends that he

remained incarcerated in the Houston County Jail which, at the time, was  more than ten days

past his release date.  The named defendants are attorneys Martin Adams and Thomas

Steensland III; Judy Byrd, Clerk of the Houston County Circuit Court; and Commander

William McCarthy.  Plaintiff requests  monetary damages and his immediate release from

custody.

Upon review of the complaint, the court concludes that dismissal of the complaint

prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires

# I. DISCUSSION

## A. Defendants Adams and Steensland

Plaintiff states that he entered a guilty plea to Possession of Marijuana II upon the advice and promise of his attorneys Adams and Steensland that he would be given a sentence of time served and released. He asserts that he would not have entered a guilty plea had his attorneys not offered him a deal he could not refuse. The court understands Plaintiff to allege that Defendants Adams and Steensland failed to provide effective assistance in his criminal proceedings before the Circuit Court for Houston County. Any claims, however, presented by Plaintiff against either retained or appointed counsel provide no basis for relief in the instant cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527 (1981). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since the conduct about which Plaintiff complains was not committed by a person acting under color of state law, the claims asserted by him against legal counsel are frivolous as they lack an arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Thus, the

the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

claims against Defendants Adams and Steensland are subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Defendant Byrd

Plaintiff alleges that Defendant Byrd has failed to respond to his inquiries regarding his continued detention.  He further asserts that she is responsible for ensuring that court papers reach the jail in a timely fashion so that inmates may be released on their scheduled release date.

When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk.  *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).  Additionally, where a court clerk acts pursuant to authority granted by state law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function.  *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983).

The  fact that Defendant Byrd holds the titular position of the Clerk of Court for the Houston County Circuit Court is also insufficient to establish liability because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983.  Supervisors cannot be held liable for the errors of their subordinates or on the basis of vicarious liability.  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).

Supervisory liability under § 1983 occurs only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so." *Brown*, 906 F.2d at 671.  Although Plaintiff asserts that he wrote to Ms. Byrd regarding his continued detention, it is highly doubtful whether she personally would have seen or responded to routine requests by a litigant for case information or that she would be engaged in the recording and docketing of pleadings filed with the Circuit Court for Houston County.  Moreover, the court is mindful that Ms. Byrd has no authority to effect plaintiff's release from jail.

Even if the actions about which Plaintiff complains constitute negligence, a claim of negligence is not cognizable in a § 1983 action.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Rather, such claims are more appropriately addressed by traditional tort law, which Plaintiff may pursue in state court. *Id.*

 In light of the foregoing, the court concludes that Plaintiff's claims against Defendant Byrd are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke*, 490 U.S. at 327.

## C.  The Unlawful Confinement Claim

Plaintiff complains that he is falsely imprisoned because he should have been released from the Houston County Jail following entry of his guilty plea on January 12, 2006 and

4

imposition of a sentence for time served.    The claim presented to this court goes to the fundamental legality of Plaintiff's current incarceration.    Consequently, the challenges contained in the instant complaint provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.

5

Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

Plaintiff challenges the constitutionality of his continued confinement on the 2006 sentence for time served imposed upon him by the Circuit Court for Houston County. A judgment in favor of Plaintiff on this claim would necessarily imply the invalidity of his incarceration and result in his release from confinement. It is clear from the records of this court that the confinement about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     Plaintiff's complaint against Defendants Adams, Steensland, and Byrd be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to his current confinement be DISMISSED without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **27 February 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE